ESTATE OF CHARLES SEALY, DECEASED.

[No. 3,186; decided July 5, 1884.]

Jurisdiction—Residence of Deceased.—The Issuance of Special Letters of administration to the public administrator in one county is not a final determination of his right to general letters of administration as against the public administrator of another county.

Jurisdiction—Residence of Deceased.—The Issuance of Special Letters of administration leaves the jurisdictional facts still to be ascertained prior to the issuance of general letters.

Jurisdiction—Residence of Deceased—Conclusiveness of Determination.—Where the public administrators of two counties each file an application for letters of administration, there being a doubt as to which county the decedent was a resident of, and one applicant contests the application of the other, the adjudication of the court that it has jurisdiction is a bar to the contestant's own application in the other county.

John A. Wright, for San Francisco public administrator.

E. C. Robinson and W. R. Davis, for Alameda public administrator.

J. M. Seawell, for Robert Sealy, brother.

W. A. Plunkett, for absent heirs.

Barrows & Dare, for "somebody in shadow."

COFFEY, J. Charles Sealy died in San Francisco on February 22, 1880, he having moved over to Oakland, Alameda county, about four months before his death, intending to take up his residence there, in order to avoid jury duty

in San Francisco, declaring that he would never live in San Francisco again.

On February 23, 1884, Philip A. Roach, public administrator, filed in the superior court of the city and county of San Francisco his petition for special letters of administration upon the estate of Charles Sealy, and he was appointed special administrator on February 25th. At about the same time, Louis Gottshall, public administrator of Alameda county, was ordered by the superior court of that county to take charge of the estate therein, Charles Sealy having resided in Alameda county. At the same time Mr. Gottshall filed his petition in the Alameda superior court for general letters of administration. Subsequently he filed a petition in the superior court of San Francisco to set aside and revoke the special letters of Mr. Roach, which petition was denied. On February 28th Mr. Roach filed in Alameda county his written objections to the application of Mr. Gottshall for letters of administration, and upon the issues of fact raised by the objection the case was heard and tried before that court. On March 31st the Alameda superior court, Noble Hamilton, judge, rendered a decision in favor of public administrator Gottshall, but, disregarding this decision, public administrator Roach insisted on the hearing of his petition in the San Francisco court for general letters. When the matter came up for hearing the attorney for the Alameda administrator filed objections to the application of the San Francisco administrator, and pleaded in bar, as a final adjudication upon the question of residence, the decision of the Alameda court. The points of the argument were, whether the Alameda adjudication could be pleaded in bar, and, if so pleaded, what would be its effect.

Messrs. Robinson and Davis, for Alameda administrator, filed herein a brief of forty-three pages; Mr. Seawell, for Robert Sealy, one of twenty pages; and Messrs. Wright and Cormac, for San Francisco administrator, one of twelve pages. If attorneys expect their learned and long essays and reviews to be well considered, their citations verified, and their conclusions cogitated and considered by the court, they

must be content to wait awhile for a decision. Hence the delay in deciding this controversy.

The issue of special letters to the public administrator of San Francisco was not a final determination of the rights of the parties herein. His function is "to collect and take charge of the estate of the decedent," and to preserve the same, pending proceedings for the appointment of a general administrator: Code Civ. Proc., sec. 1411.

The jurisdictional facts were still to be ascertained, prior to the issue of general letters. The first inquiry upon such an application was had in Alameda county. To the court in that county went the San Francisco public administrator, and, opposing the application of the Alameda administrator, controverted the latter's right to letters, and in that controversy was worsted. He must abide the event of a controversy to which he was a voluntary party. There was an issue to which the parties here were parties; they had their day in court; the facts were investigated and found in favor of that jurisdiction; and the judgment is here regularly and properly pleadable, and pleaded in bar of this court's action. Let an order be drawn accordingly.

---

Under Some Circumstances, Two or More Courts may have Jurisdiction to entertain an application for letters testamentary or of administration. When such is the case, and one of the courts receives an application and assumes jurisdiction, that jurisdiction is exclusive, for there cannot be two valid administrations of an estate at the same time. The court first applied to for letters has exclusive authority to determine whether or not it has jurisdiction, subject to review upon appeal, and the other courts must abide by its determination of the question. The statutes of many states provide that in certain cases the courts in which application is first made has exclusive jurisdiction of the settlement of the estate, and under this rule, the first filing of a petition for letters constitutes the "first application" for them. The appointment of an administrator in one county is without validity while a prior appointment in another county is in effect. And a decree escheating property to the state is ineffectual when the court of another county has already granted letters of administration: 1 Ross on Probate Law and Practice, 226, citing Dungan v. Superior Court, 149 Cal. 98, 84 Pac. 767; Estate of Davis, 149 Cal. 485, 87 Pac. 17; Estate of Griffith, 84 Cal. 107, 23 Pac. 528, 24 Pac. 381; Oh Chow v. Brockway, 21 Or. 440, 28 Pac. 384; Territory v. Klee, 1 Wash. 183, 23 Pac. 417.